94 N.J. Super. 1 (1966)
226 A.2d 720
RUSSELL CHAMBERLAIN, PLAINTIFF-APPELLANT,
v.
RONALD STURMA AND NOREEN WARD, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued April 4, 1966.
Decided June 1, 1966.
*2 Before Judges GAULKIN, LABRECQUE and BROWN.
Mr. Ralph S. Heuser argued the cause for appellant (Messrs. Heuser and Heuser, attorneys).
Mr. George N. Arvanitis argued the cause for respondent Ronald Sturma (Messrs. Carton, Nary, Witt & Arvanitis, attorneys).
Mr. H. Curtis Meanor argued the cause for respondent Noreen Ward (Messrs. Lamb, Blake, Hutchinson & Dunne, attorneys).
PER CURIAM.
Plaintiff Russell Chamberlain was a passenger in an automobile, operated by defendant Ronald Sturma, which, while stopped at an intersection in Keyport on November 12, 1963, was struck in the rear by a car driven by defendant Noreen Ward. In plaintiff's personal injury suit against both drivers, the jury rendered a special verdict answering *3 three written questions submitted by the court. The jury found Sturma not guilty of negligence. The second question was answered by a finding that Ward's negligence caused the collision. The third question was:
"If you find and determine that plaintiff Russell Chamberlain is entitled to a verdict for damages, what is the amount you award him?"
to which the jury replied:
"The jury has determined that the plaintiff, Russell Chamberlain, is not entitled to damages."
Plaintiff appeals from the resulting judgment and from the denial of his motion for a new trial.
The evidence presented a difficult problem for the jury as to the damage issue. Substantially, there was a history of physical involvements which antedated the accident and could, to some degree, be related to residuals claimed at the trial to have been produced by it. Further, plaintiff's physical condition was underlaid by a chronic psychiatric complication admittedly operative in the damage area. In addition, his basic credibility was gravely shaken by an exceptionally effectual cross-examination. In short, the jury was readied for the conclusion that plaintiff was an untruthful and neurotic claimant who attributed too great a part of his disabilities to Ward's responsibility.
In plaintiff's brief it is acknowledged that the jury had a right "to discount the quantum of permanent disability" but it is argued that the verdict must be set aside because "the jury was mistaken as to temporary disability" in that it disregarded undisputed facts.
In disposing of the motion for a new trial, the court concluded that there was a basis for the finding of no injury because, at the accident scene, plaintiff declared he was not hurt. The judge was apparently of the view that plaintiff's medical proofs as to his subsequently developing complaints *4 could therefore be rightly rejected by the jury on the basis of his general credibility alone.
One item in plaintiff's catalogue of alleged resultant injuries was a cervical strain for which, his doctor testified, he entered the hospital on November 14 and remained for a period of over a month. Even had the jurors found that plaintiff made no complaint of being hurt immediately following the collision, that fact would not, per se, entitle them to discredit or disregard the evidence showing subsequent and substantial medical treatment for a cervical injury. The reality of such a condition and its connection with the accident would not be negated by the mere lapse of time preceding its first symptoms. In any event, it appears that plaintiff went directly from the scene of the accident to the office of his doctor.
We have reviewed the evidence and we conclude that the jury could not reasonably have found, from a full consideration thereof, that plaintiff suffered no compensable injuries whatever. It is noted that defendants' only medical witness acknowledged that plaintiff sustained a back injury which was causally related to the incident. With due regard for the opportunity of the trial court and the jury to pass upon the credibility of the witnesses, it clearly and convincingly appears to us that the jury's determination that plaintiff was "not entitled to damages" was so contrary to the weight of the evidence as to be the result of mistake, partiality, prejudice or passion. Denial of plaintiff's motion for a new trial was a manifest denial of justice. Kulbacki v. Sobchinsky, 38 N.J. 435, 452 (1962).
Plaintiff argues that the jury was misled, by references in the charge to "the proximate cause," into a belief that he had no right to recover unless all of his complaints resulted from the defendants' collision. While the instruction could have been clearer, such a misunderstanding would not reasonably have been conveyed by the charge considered as a whole.
We find no abuse of discretion in the trial court's exclusion of plaintiff's proffered testimony. It is not necessary *5 to deal with the other point raised by plaintiff because there will be a new trial.
Although plaintiff has appealed from the whole of the final judgment below, he has made no attack on the verdict rendered in favor of defendant Ronald Sturma and the judgment is affirmed as to him. Nor is there a cross-appeal as to the liability of Ward.
Reversed and remanded for a new trial as to defendant Noreen Ward on the issue of damages.